*455 OPINION.
TRAmmell :
The only controversy in this case is the amount of salvage value allowable to the petitioner or the cost of the timber, the two propositions being in the alternative.
The respondent has determined that the residual value of the plant was 10 per cent of its cost and there is no dispute as to this. The only dispute between the parties arises from the fact that in computing the depreciation deduction on the unit-of-production basis respondent has reduced the cost of the plant by 10 per cent for salvage and allows the petitioner a return of only 90 per cent of his cost. The petitioner concedes that this would be correct if he were entitled to the 10 per cent salvage at the end of the operation, but contends that since one-half of this 10 per cent salvage, under the contract, went to the Vredenburgh Saw Mill Co. as further payment for timber, the petitioner would never receive a return of more than 5 per cent of the cost or one-half the salvage.
The contract provided that at the end of the operation one-half of the plant would go to the Vredenburgh Saw Mill Co. as further payment for timber, or that one-half the proceeds from the sale thereof would go to that companjr at the end of the operation.
In our opinion, one-half of the salvage value of the plant at the end of the operation is as much a part of the cost of the timber as the stipulated price per thousand feet. This cost should be spread over the operation in the same "way as the remaining cost of the timber. While this is not an allowance as exhaustion, wear and tear of the plant by a reduction of the salvage or residual value, the result is substantially the same and the taxpayer is given the benefit of the additional cost of the timber. The pleadings as amended include a claim in the alternative that the cost of the timber should be so increased. We agree with the petitioner in this respect.

Judgment will be entered under Rule 50.